IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


TED HAMILTON                                                              PLAINTIFF


        v.                        Civil No. 4:14-cv-04033


BERONICA MAULDIN                                                      DEFENDANTS

## ORDER

Plaintiff proceeds in this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated in the Arkansas Department of Corrections, Wrightsville Unit in Wrightsville, Arkansas ("ADC").  Currently before the Court is Plaintiff's Motion for Entry of Default. ECF No. 8.  Defendants responded.  ECF No. 9.  Also before the court is Plaintiff's Motion to Amend Complaint.  ECF No. 14.  Defendant has not responded to this Motion.  The Court finds as follows.

1.  <u>Motion for Entry of Default</u>:  In Plaintiff's Motion he moves for entry of default against Defendant for her alleged failure to answer Plaintiff's Complaint. ECF No. 8.  Defendant was served with summons on May 29, 2014.  ECF No 13.  On June 10, 2014, Defendant filed his Motion to Dismiss for failure to state a claim, which motion is still pending.  ECF No. 10.

Pursuant to Federal Rule of Civil Procedure 55: [w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Entry of a default under Rule 55(a) must proceed the grant of a default judgment under Rule 55(b).  *See Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 783 (8th Cir. 1998).  It is within the discretion of the Court to determine whether a default judgment

should be entered against a party under Rule 55(b).  *See Ackra,* 86 F.3d at 856.  Entry of

default judgment, however, is not favored and "should be a rare judicial act."  *In re Jones*

*Truck Lines, Inc.,* 63 F.3d 685, 688 (8th Cir. 1995) (internal quotations and citations omitted).

When a default judgment is sought for a party's failure to defend, the Court must consider

whether the party's actions were "willful violations of court rules, contumacious conduct, or

intentional delays."   *Ackra,* 86 F.3d at 856 (internal quotations and citations omitted).

"[D]efault judgment is not an appropriate sanction for a marginal failure to comply with time

requirements."  *Id.*

Here,  the proof of service reflects that Defendant properly responded with twenty-one (21)

days of the service of summons.  For the foregoing reasons, Plaintiff's Motion for Default Judgment

(ECF No. 8) is **DENIED**.

2. Motion to Amend Complaint: Plaintiff seeks to amend his complaint to clarify he brings

suit against Defendant only in her individual capacity.  (ECF No. 14).  Defendant has not responded

to this Motion.  Accordingly the Court finds said Motion well taken, and that it is **GRANTED**.

Plaintiff's claims against Defendant are in her individual capacity only.

**IT IS SO ORDERED this 30th day of January 2015.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE