IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TED HAMILTON                                                                                    PLAINTIFF

v.                                          Civil No. 4:14-cv-04033

SERGEANT BERONICA MAULDIN                                                         DEFENDANT

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff Ted Hamilton pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Arkansas Department of Correction Wrightsville Unit in Wrightsville, Arkansas. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before the Court is Defendant's Motion to Dismiss. ECF No. 10. Plaintiff did not respond. After careful consideration the Court makes the following Report and Recommendation.

**1.    BACKGROUND**

Plaintiff filed his Complaint on February 13, 2014. In his Complaint, Plaintiff alleges Defendant Mauldin violated his constitutional rights by denying him a sleeping mat and forcing him to sleep on the concrete floor with only two sheets and a blanket for eight nights. Plaintiff claims that he suffered a head cold and back pains from this denial. For relief, Plaintiff requests

1

punitive damage in the amount of $10,000 and compensatory damages in the amount of $10,000. ECF No. 1.

Defendant filed her Motion to Dismiss and Brief in Support on June 10, 2014. ECF Nos. 10-11. Defendant argues Plaintiff failed to state an individual or official capacity claim against Defendant.

On January 30, 2015, Plaintiff was granted leave to amend his Complaint for the sole purpose of clarifying that he was suing Defendant in her individual capacity only. ECF No. 15.

2.  APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support their claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

3.  DISCUSSION

Defendants argue that even if all the facts alleged by Plaintiff in his Complaint are true, he has still failed to state a claim upon which relief may be granted. Specifically, Defendant argues

Plaintiff failed to show she was deliberately indifferent because she did not provide him a mattress solely because there were none to provide. Further, Plaintiff was given a blanket and two sheets. Defendant also argues that requiring an inmate to sleep on the floor without a mat for a period of only seven days is not a constitutional violation.

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833, 851 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The Cruel and Unusual Punishment Clause of the Eighth Amendment forbids conditions that involve the "wanton and unnecessary infliction of pain," or are "grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004) (*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner" *Revels*, 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels,* 382 F.3d at 875. The standards against which a court measures prison

3

conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

Considering the facts in the light most favorable to Plaintiff, I find Plaintiff has failed to show that Defendant deprived him of the minimal civilized measure of life's necessities by depriving him of a mattress and forcing him to sleep on the floor with a blanket and two sheets for seven or eight nights. *See O'Leary v. Iowa State Men's Reformatory,* 79 F.3d 82, 84 (8th Cir. 1996) (inmate forced to spend four days sleeping on a concrete slab without a blanket or mattress did not state a constitutional violation)*; Williams v. Delo*, 49 F.3d 442 (8th Cir. 1995) (holding that four days without water, a mattress, bedding, clothing, legal mail, or hygienic supplies did not violate the Eighth Amendment). *See also Desroche v. Strain,* 507 F.Supp.2d 571, 579-80 (E.D. La. Aug. 16, 2007) (Sleeping on the floor in a crowded holding tank for ten days fails to state a constitutional violation because the conditions were temporary, and the short duration did not result in sufficiently serious conditions posing a substantial risk of serious harm to the inmate.) (citing *Farmer* 511 U.S. 825, 834 (1994)). While Plaintiff may have been uncomfortable without a mattress, this was not a deprivation of any minimal civilized measure of life's necessities. *See Revels*, 382 F.3d at 875. Accordingly, I find Plaintiff has failed to state a claim upon which relief can be granted and the Complaint should be dismissed pursuant to Rule 12(b)(6).

4. **CONCLUSION**

For the reasons stated above, I recommend Defendant's Motion to Dismiss (ECF No. 10) be **GRANTED** and Plaintiff's Complaint be dismissed without prejudice.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.

DATED this 5th day of February 2015.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE